**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SYLVIA SUTOR,
an individual,

       Case No.:

      Plaintiff,

v.

SLM CORPORATION,
a/k/a SALLIE MAE,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

      Defendants.

_____/

## <u>PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION</u>

Plaintiff, SYLVIA SUTOR, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiff, SYLVIA SUTOR (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, SLM CORPORATION a/k/a SALLIE MAE (hereinafter, "SLM"), EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1.      This is an action brought by an individual consumer for damages for SLM's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein SLM improperly credit-reported and subsequently verified objectively-inaccurate information related to a student loan account (hereinafter, the "Account") on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax, Experian, and Trans Union that was created as a result of identity theft and fraud.  More specifically, despite Plaintiff repeatedly advising SLM that she did not personally open the alleged account, did not authorize the opening of the alleged account, did not use the alleged account, and did not benefit from the account in any way—and after Plaintiff disputed SLM's reporting of such erroneous information directly to Experian, Equifax, and Trans Union — SLM *continued* to report the fraudulent accounts with significant balances due and past-due.

2.      Additionally, this is an action for damages for Equifax's, Experian's, and Trans Union's violations of the FCRA wherein Equifax, Experian, and Trans Union each continued to inaccurately report the Account with negative information after Plaintiff repeatedly disputed and advised that any balance allegedly owed was a result of identity theft and fraud, and after Plaintiff provided information to Experian,

2

Equifax, and Trans Union including sworn statements and police reports.

## JURISDICTION, VENUE & PARTIES

3.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4.     Defendants are subject to the jurisdiction of this Court, as Defendants each regularly transact business in this District.

5.     Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

6.     At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

7.     At all material times herein, SLM is a foreign for-profit corporation with its principal place of business located at 300 Continental Drive, Newark, Delaware 19713.

8.     At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

9.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.    At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of

business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

11.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

15.    Under the FCRA, if, after any reinvestigation of any information

disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer

in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

19.    At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

20.    At all material times herein, SLM, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Hillsborough County, Florida.

21.    At all material times herein, SLM is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.    At all material times herein, SLM reports information concerning a student loan account to Equifax, Experian, and Trans Union including but not limited to, a tradeline account related to an alleged SLM Account, referenced by account number beginning 5852- (hereinafter, the "Account").

23.    SLM furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

6

24.    At all material times herein, Equifax, Experian, and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax, Experian, and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

25.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

27.    In 2023, Plaintiff's brother, Nikolas Sutor, executed a promissory note ("Note") with SLM to secure a private student loan to attend Florida State University ("FSU").

28.    Within the Note, Plaintiff's brother listed Plaintiff as the cosigner.

29.    Plaintiff did not authorize or agree to be a cosigner on her brother's Note.

30.    Importantly, under the Cosigner Information section, Plaintiff's brother listed Plaintiff's email address as "nps20a@fsu.edu."

31.    Upon information and belief, the email address above is Plaintiff's email address assigned to him while attending FSU.

32.     Obviously, Plaintiff's brother listed his own email address so Plaintiff would not find out that she was being listed as a cosigner.

33.     In or around January 2025, Plaintiff received an SLM letter stating that she was overdue on the Account.

34.     In an effort to clear her credit reports of the account, Plaintiff sent a form letter to SLM in which she requested SLM to remove the account from her credit reports and files.

35.     In January 2026, Plaintiff noticed the SLM account reporting on her Experian, Equifax, and Trans Union credit reports.

36.     As a result, on January 26, 2026, Plaintiff executed an FTC Identity Theft Report in which she swore under penalty of perjury that she did not cosign on this SLM account.

37.     On or about January 30, 2026, Plaintiff sent a letter to Equifax, Experian, and Trans Union disputing Defendants' credit reporting of the Account, advising that the Account should be deleted, and demanding that Equifax, Experian, and Trans Union investigate and update accordingly (hereinafter, Plaintiff's "First Dispute").

38.     Plaintiff enclosed copies of her Driver's License, Utility Bill, and FTC ID Theft Report in support of her First Dispute.

39.     Equifax, Experian, and Trans Union received Plaintiff's First Dispute and communicated the same to SLM.

40.     In response, Experian, Equifax, and Trans Union deleted the SLM account from Plaintiff's reports and files.

41.    Unfortunately, soon thereafter, SLM advised Experian, Equifax, and Trans Union to reinsert the account onto Plaintiff's credit reports and files.

42.    On or about March 25, 2026, Plaintiff sent a second letter to Equifax, Experian, and Trans Union disputing Defendants' credit reporting of the Account, advising that the Account should be deleted, and demanding that Equifax, Experian, and Trans Union investigate and update accordingly (hereinafter, Plaintiff's "Second Dispute").

43.    Plaintiff enclosed copies of her Driver's License, Utility Bill, SLM Promissory Note, and FTC ID Theft Report in support of her Second Dispute.

44.    Equifax, Experian, and Trans Union received Plaintiff's Second Dispute and communicated it to SLM, including all enclosed documents.

45.    In response to Plaintiff's Second Dispute, Trans Union failed to reinvestigate and failed to mark Plaintiff's report as disputed.

46.    In response to Plaintiff's Second Dispute, Experian verified the SLM account as accurate.

47.    In response to Plaintiff's Second Dispute, Equifax verified the SLM account as accurate.

48.    Despite Plaintiff's repeated disputes, SLM, Equifax, Experian, and Trans Union are *still* reporting the Account as past due and owing.

## DAMAGES

49.    As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied

credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

50. Following Plaintiff's First and Second Dispute, Equifax, Experian, and Trans Union generated and published Plaintiff's credit reports containing the Account and reporting errors.

51. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct, Defendants defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Defendants unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's documents enclosed with her repeated disputes.

52. Plaintiff retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

53. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

54. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' erroneous and continued reporting of the Account and did not wish to further damage her credit score with futile

credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

55.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite not being responsible for the Account and all financial responsibility regarding the Account, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>**
**(as to SLM)**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

56.     SLM is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate/re-investigate Plaintiff's numerous disputes, failing to review all relevant information regarding the same, and failing to request that Equifax, Experian, and Trans Union delete the reporting of the Account on Plaintiff's credit reports and credit file after investigating/re-investigating Plaintiff's repeated disputes.

57.     SLM's investigations/re-investigations were not conducted in good faith.

58.     SLM's investigations/re-investigations were not conducted reasonably.

11

59.     SLM's investigations/re-investigations were not conducted using all information reasonably available to SLM.

60.     As a result of SLM's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, and she was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of SLM's erroneous and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

61.     SLM defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and SLM unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's documents enclosed with her repeated disputes.

62.     SLM's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

63.     SLM's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to Equifax, Experian, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

64.    Equifax, Experian, and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

65.    Equifax, Experian, and Trans Union each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

66.    Overall, Equifax, Experian, and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Equifax, Experian, and Trans Union credit reports and credit file.

67.    As a result of Equifax's, Experian's, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, and she was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Equifax's, Experian's, and Trans Union's erroneous and continued reporting of the Account and did not wish to

13

further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

68. Overall, Equifax, Experian, and Trans Union defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Equifax, Experian, and Trans Union unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's documents enclosed with her repeated disputes.

69. Equifax's, Experian's, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

70. Equifax's, Experian's, and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), i(a)(5), and i(a)(6)**
**(as to Equifax, Experian, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

71. Equifax, Experian, and Trans Union are each subject to, and violated the

provisions of, 15 United States Code, Section 1681i(a)(1),  1681i(a)(4), 1681i(a)(5), and 1681i(a)(6) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified; and (4) failing to provide written notice of dispute results to Plaintiff within five (5) business days after the completion of a reinvestigation.

72.     More specifically, Equifax, Experian, and Trans Union willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

73.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations of Plaintiff's disputes were not conducted reasonably.

74.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by SLM.

75.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations of Plaintiff's disputes were not conducted in good faith.

76.     Equifax's, Experian's, and Trans Union's investigation/reinvestigation procedures are unreasonable.

77. Equifax's, Experian's, and Trans Union's investigation/re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Equifax, Experian, and Trans Union.

78. Equifax's, Experian's, and Trans Union's investigation/reinvestigations were *per se* deficient by reason of these failures in Equifax's, Experian's, and Trans Union's reinvestigations of Plaintiff's disputes and the Account.

79. As a result of Equifax's, Experian's, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, and she was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Equifax, Experian, and Trans Union's erroneous and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

80. Overall, Equifax, Experian, and Trans Union defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Equifax, Experian, and Trans Union unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's documents enclosed with her repeated disputes.

81. Equifax's, Experian's, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

16

82.    Equifax's, Experian's, and Trans Union's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against SLM, Equifax, Experian, and Trans Union for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages in an amount to be determined at trial;

e.    An award of attorneys' fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
Aaron M. Swift, Esq., FBN 0093088
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
Jessica A. Cowan, Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
jcowan@swift-law.com

18